**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UPTIME SYSTEMS, LLC,

No. 20-1597 (JRT/ECW)

Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION TO**
**REMAND AND MOTION FOR**
**ATTORNEY'S FEES**

KENNARD LAW, P.C.,

Defendant.

Steven M. Cerny, **SANTI CERNY, PLLC**, 222 South Ninth Street, Suite 1600, Minneapolis, MN 55402, for plaintiff.

Michael J. Minenko, **MINENKO LAW LLC**, 2051 Killebrew Drive, Suite 611, Bloomington, MN 55425, for defendant.

Plaintiff Uptime Systems, LLC ("Uptime") filed a Motion to Remand to State Court and Motion for Attorney's Fees after Defendant Kennard Law removed this breach of contract case from Minnesota state court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. Uptime argues that the case must be remanded to state court because removal is untimely, and, even if it were timely, the Court lacks subject matter jurisdiction since Uptime's Complaint claimed damages less than the amount in controversy required for diversity jurisdiction. Kennard Law asserts that its counterclaim damages, combined with Uptime's damages, exceed the amount in controversy and thus confer subject matter jurisdiction on the Court. The Court finds that, irrespective of the amount in

controversy, removal was untimely and not subject to any exceptions.  Accordingly, the Court will grant the Motion to Remand.

## BACKGROUND

Plaintiff Uptime is a Minnesota Limited Liability Corporation that provides technology services, such as cloud storage, to law firms.  (Notice of Removal ¶ 7, Ex. 1 ("Compl.") ¶¶ 1, 6, July 17, 2020, Docket No. 1-1.)  Defendant Kennard Law is a law firm incorporated in Texas as a professional corporation, (Compl. ¶ 2), and was a customer of Uptime's services, (*id.* ¶ 8.)  Kennard Law first entered into a contract for technology services with Uptime in 2011, and entered updated contracts in 2013, 2014, and 2017. (*Id.* ¶ 8–13; *see also* Notice of Removal ¶ 7, Ex. 4 (State Order Partial Summ. J. "State Order") at 7, July 17, 2020, Docket No. 1-3.)

The contracts between Uptime and Kennard Law provided that Kennard Law was responsible for removing data before its account was suspended, and that Uptime is not responsible for data if an account is suspended or terminated.  (*See* Compl. ¶ 13, Ex. D ("Master Service Agreement") at 40, July 17, 2020, Docket No. 1-1.)  The contracts also specified that any legal proceeding or dispute would be brought exclusively in state or federal court in Hennepin County, Minnesota.  (Master Service Agreement at 43.)

Uptime alleges that after November 2018 Kennard Law stopped paying Uptime, and Uptime sent Kennard Law multiple past due notices and notices of account suspension.  (Compl. ¶ 32, Ex. G at 52–72, July 17, 2020 Docket No. 1-1; State Order at 7–

8.)  On January 30, 2019, Uptime sent Kennard Law a notice that its account would be terminated and all of its data would be irrevocably deleted on January 31, 2019, unless Kennard requested in writing that its data be retained.  (Compl. Ex. G. at 72; State Order at 8.)

Despite the contract terms and forum selection clause, Kennard Law filed an action in Harris County, Texas on January 30, 2019, asking the Texas court to require Uptime to continue storing its data.  (State Order at 8; *see also* Notice of Removal ¶ 7, Ex. 3 ("Pl. Mem. Supp. Summ. J.") at 11, July 17, 2020, Docket No. 1-2.)  The Texas court entered an ex parte Temporary Restraining Order, and Uptime continued to store Kennard Law's data.  (Pl. Mem. Supp. Summ. J. at 11.)  Uptime then filed a Motion to Dismiss the Texas proceeding, which the Texas court granted on September 18, 2019.  (*Id.* at 11–12.)

On February 6, 2019, Uptime filed a Complaint against Kennard Law in Minnesota state court for (1) breach of contract based on Kennard Law's failure to pay for Uptime's services since November 2018, and (2) unjust enrichment in the alternative to the breach of contract claim, and separately for ongoing data storage costs from storing Kennard Law's data following the Texas court TRO.  (Notice of Removal at 1, July 17, 2020, Docket No. 1; State Order at 13.)  Uptime pleaded damages of $45,787.82, exclusive of interest, costs, and fees.  (Pl. Mem. Supp. Summ. J. at 19–20.)  The Minnesota Complaint was served on Kennard Law on February 7, 2019.  (State Order at 7.)

On February 28, 2019, Kennard Law filed a Motion to Dismiss the Minnesota state court Complaint, arguing lack of personal jurisdiction. (State Order at 7; Notice of Removal at 2.) The state court denied Kennard Law's Motion to Dismiss on October 18, 2019 because Kennard Law had agreed, via the contract forum selection clause, to submit to jurisdiction in Minnesota. (State Order at 7.) Kennard Law filed two Answers and Counterclaims, the second of which alleged counterclaim damages of $1.5 million. (*See* Decl. Steven M. Cerny ("Cerny Decl.") ¶ 5, Aug. 14, 2020, Docket No. 13; Cerny Decl. ¶ 14, Ex. 5, Aug. 14, 2020, Docket No. 13-5; 2nd Ans. & Countercl. ¶ 21, July 17, 2020, Docket No. 4.)

On February 28, 2020, Uptime filed a Motion for Summary Judgment in state court. (Cerny Decl. ¶ 17, Ex. 8, July 17, 2020, Docket No. 13-8.) Then, on March 6, Uptime filed a Motion for Sanctions and Default Judgment. (Cerny Decl. ¶ 18, Ex. 9, July 17, 2020, Docket No. 13-9.) The state court granted Uptime's motion on the breach of contract claim on June 25, 2020, awarded Uptime $17,400 in damages, *sua sponte* dismissed Kennard Law's counterclaims, and deferred Uptime's Motion for Sanctions. (State Order at 6.)

On July 15, 2020, Kennard Law removed the case to the District of Minnesota on the basis of diversity jurisdiction, asserting an amount in controversy over $75,000, based on the claims and counterclaims. (Notice of Removal at 1–2.) Uptime filed a Motion to Remand to State Court and Motion for Attorney's Fees on August 14, 2020. (Mot.

Remand & Mot. Att'y Fees, Aug. 14, 2020, Docket No. 10.)  Kennard Law filed a Motion to Amend the Pleadings on August 31, 2020, (Mot. Amend Pleadings, Aug. 31, 2020, Docket No. 26), which the Magistrate Judge stayed until after the Court issues its decision on Uptime's Motion to Remand, (Order, Oct. 14, 2020, Docket No. 50.)

Uptime filed a Motion for Sanctions on November 20, 2020, (Mot. Sanctions, Nov. 11, 2020, Docket No. 52), which is currently pending before the Magistrate Judge.

## DISCUSSION

## I.      STANDARD OF REVIEW

A defendant may remove a civil action to federal court only if the action could have been filed originally in federal court.  *See* 28 U.S.C. § 1441(a)–(b); *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000).  Following removal, "[a] plaintiff may move to remand the case if the district court lacks subject matter jurisdiction."  *Junk v. Terminix Intern. Co.*, 628 F.3d 439, 444 (8th Cir. 2010) (citing 28 U.S.C. § 1447(c)).   The party asserting federal jurisdiction bears the burden of demonstrating that removal was proper, and "all doubts about federal jurisdiction must be resolved in favor of remand."  *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc*., 561 F.3d 904, 912 (8th Cir. 2009) (citation omitted).

## II.    ANALYSIS

Kennard Law removed this case from Minnesota state court to the District of Minnesota on grounds that it satisfies the requirements for federal diversity jurisdiction under 28 U.S.C. § 1332, which requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). The parties do not dispute that there is complete diversity, since Uptime Systems is a Minnesota limited liability corporation and Kennard Law is a Texas professional corporation with its principle place of business in Texas. However, Uptime asserts that the Court lacks jurisdiction because removal was untimely, the matter fails to meet the amount in controversy requirement, and removal is otherwise defective.

### A.    Timeliness of Removal

A defendant must file a notice of removal within 30 days of receiving a copy of the initial pleading. 28 U.S.C. § 1446(b)(1). The defendant is generally barred from later-asserting any ground for removal not attempted within the 30-day period. *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007). However, there is one exception to the 30-day rule: a notice of removal may be filed within 30 days of receipt of an amended pleading, motion, or order from which it may first be ascertained that the case is or has become removable. 28 U.S.C. § 1446(b)(3). Yet, even under this exception, a case cannot be removed based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 more than one year after the action begins, unless the plaintiff acted in bad faith to prevent

removal.  28 U.S.C. § 1446(c)(1).  The time limits imposed by § 1446 are strictly construed. *See Percell's Inc. v. Cent. Tel. Co.*, 493 F. Supp. 156, 157 (D. Minn. 1980).

Kennard Law did not file a Notice of Removal within 30 days of receipt of the Complaint; Uptime served its state court Complaint on Kennard Law on February 7, 2019 and Kennard Law filed its Notice of Removal in this Court on July 15, 2020, over 17 months later.  Because removal occurred 17 months after the state court proceedings commenced, no exception to the 30-day rule can apply here, as there are no allegations of bad faith conduct by Uptime.  *See* 28 U.S.C. § 1446(c)(1).  Thus, removal is untimely.

Kennard Law argues that removal is timely despite being outside the one-year window because Kennard Law sought to protect its interests in Texas state court first, delaying this removal action.  Kennard Law offers no legal justification for this theory. Moreover, even if Kennard Law did identify some legal basis for the delay, the Texas case was dismissed on September 18, 2019, about ten months before Kennard Law filed its Notice of Removal, and Kennard Law is not pursuing an appeal or other relief from the Texas court.  Thus, there is no plausible factual basis for Kennard Law's assertion that the Texas court proceedings caused the 17 month delay in removal of the Minnesota court proceedings to this Court.

While the lack of federal subject matter jurisdiction may be raised at any time before entry of judgment, *see* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

remanded."), Congress has placed strict time limits on a party's ability to remove the case from state court to federal court, *see Dahl*, 478 F.3d at 969 (analyzing congressional intent for interpretation of 28 U.S.C. § 1446(b)).   Because removal is plainly untimely and not subject to any exceptions, the Court lacks jurisdiction to consider the substance of the case, and will remand the case to state court for further proceedings.   However, the Court retains jurisdiction over the pending sanctions motion.  *See Murphy v. Aurora Loan Servs., LLC*, 859 F. Supp. 2d 1016, 1019 (D. Minn. 2012); *accord Brady v. Hallmark Dev. Co., L.C.*, No. 04-40079, 2004 WL 729113, at *4–5 (S.D. Iowa Mar. 19, 2004) (remanding to state court because notice of removal was untimely but retaining jurisdiction to resolve pending motion for sanctions).

### B.     Attorney's Fees and Costs

Section 1447 provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The decision to award fees and costs as part of a remand is discretionary.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  A district court "may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Id.*  When deciding whether to award fees and costs under § 1447(c), the Court "should recognize Congress'[s] desire to deter removals intended to prolong litigation and impose costs on the opposing party, while

not undermining Congress'[s] basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

Uptime argues that it is entitled to fees and costs because Kennard Law removed the case with the clear intent to cause delay and to avoid continued proceedings in state court, including Uptime's pending motion for sanctions, entry of default judgment, and trial. The Court agrees that removal of this case lacks an objectively reasonable basis, as it was blatantly untimely with strong indications of being a dilatory tactic. As such, the Court will award Uptime reasonable attorney's fees, to be determined based on submission of an accounting by Uptime.

## III.  KENNARD LAW'S MOTION TO AMEND

Kennard Law filed a Motion to Amend its Answer/Counterclaims pursuant to Rule 15 on August 31, 2020, which the Magistrate Judge stayed pending resolution of the Motion to Remand. Because the Court finds that removal was untimely, the Court will deny the Motion to Amend as moot, since no amendment can overcome the deficiency. *See Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969) ("It is the situation at the time of removal which is determinative."). The Court also notes that Kennard Law's Motion to Amend does not comply with Local Rule 15.1(b) because the motion is not accompanied by a properly redlined copy of the proposed amendments.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1. Plaintiff's Motion to Remand [Docket No. 10] is **GRANTED;**

2. Plaintiff's Motion for Attorney's Fees and Costs [Docket No. 10] is **GRANTED**;

3. Plaintiff shall provide the Court with an accounting of its expenses and fees

   incurred due to this Motion within 14 days of entry of this order; and

4. Defendant's Motion to Amend [Docket No. 26] is **DENIED as moot.**

DATED: February 8, 2021
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court